NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0618n.06

No. 15-6122

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 21, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RAY GIBSON (#17645-032), | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: DAUGHTREY, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge. Ray Gibson pleaded guilty to conspiring to distribute fifty grams or more of methamphetamine. *See* 21 U.S.C. § 846. That crime carries a mandatory-minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). The district court sentenced Gibson to ten years' imprisonment. In this direct appeal, Gibson challenges his sentence, arguing that he never admitted that it was reasonably foreseeable to him in particular that the drug conspiracy would involve fifty grams or more of methamphetamine, and that his trial counsel's failure to challenge imposition of the mandatory-minimum sentence was constitutionally ineffective assistance. In light of our clear precedents, both arguments fail.

Gibson pleaded guilty to a conspiracy to distribute methamphetamine, where the conspiracy "involved" fifty grams or more of methamphetamine. That admission sufficed to trigger the ten-year mandatory minimum. The drug conspiracy statute exposes a co-conspirator

to "the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. The substantive drug statute imposes a ten-year mandatory minimum to "any person" who "knowingly or intentionally . . . distribute[s] . . . a counterfeit substance," 21 U.S.C. § 841(a)(2), where the distribution "involv[es] . . . 50 grams or more of methamphetamine," 21 U.S.C. § 841(b)(1)(A)(viii). Because Gibson pleaded guilty to conspiring to distribute methamphetamine, and admitted that that conspiracy "involved" 50 grams or more of methamphetamine, the drug conspiracy statute exposes him to the crime of distributing fifty grams or more of methamphetamine, together with its ten-year mandatory-minimum sentence.

While Gibson did not further admit that he reasonably foresaw that the conspiracy would involve that drug quantity, he did not need to. In *Robinson*, we read our previous decision in *United States v. Pruitt*, 146 F.3d 638 (6th Cir. 1998), as having "interpreted 21 U.S.C. § 841(b)(1)(A) to focus on the threshold quantity *involved in the entire conspiracy*." *United States v. Robinson*, 547 F.3d 632, 638 (6th Cir. 2008) (emphasis added). Thus we approved the district court's instructions to the jury "that the relevant quantity determination is of the quantity involved in the . . . conspiracy to distribute cocaine." *Robinson*, 547 F.3d at 638. Here, too, the relevant quantity determination is the quantity involved in the conspiracy, which Gibson admitted was fifty grams or more of methamphetamine. That admission triggers the mandatory-minimum sentence in our circuit, regardless of whether Gibson could reasonably foresee the drug quantity.

Gibson contends on appeal, though, that he was involved in only three small meth sales, and that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), turned the drug quantity into an element of a drug conspiracy that must be found by the jury. This court has already rejected this

argument, stating that "*Alleyne* did not rewrite § 841(b) to add a new *mens rea* requirement." *United States v. Dado*, 759 F.3d 550, 570 (6th Cir. 2014). Gibson also asserts that *United States v. Swiney*, 203 F.3d 397 (6th Cir. 2000), holds that there is a mens rea requirement on the drug-quantity element, and argues that that case must be followed as the prior published opinion. This court has already rejected that argument, too. "[*Swiney*]—which stated 'that *Pinkerton* principles . . . determine whether a defendant convicted under 21 U.S.C. § 846 is subject to the penalty [for the addict's death as] set forth in 21 U.S.C. § 841(b)(1)(C)'—concerns sentencing under the Guidelines," and sets out a "different standard" from "the standard applicable to the drug quantity finding." *United States v. Watson*, 620 F. App'x 493, 509 (6th Cir. 2015) (quoting *Swiney*, 203 F.3d at 509).

Gibson also failed to preserve this challenge to his sentence. As Gibson concedes, this court therefore reviews Gibson's sentence for plain error only. *See, e.g.*, *United States v. Cabrera*, 811 F.3d 801, 808 (6th Cir. 2016). There is no plain error in this mandatory-minimum sentence. Moreover, Gibson's counsel cannot have been ineffective for not having raised a legal argument that is foreclosed by our precedent.

The result in this case may appear unjust. Mandatory minimums for limited-amount co-conspirators do not serve the drug statute's underlying purpose of more severely punishing larger-amount drug dealers. Nonetheless, absent a change in our law from the en banc court, the Supreme Court,[1] or Congress, we are bound by our precedents.

The district court's sentence is affirmed.

---

[1] There is a split in the circuits on the issue. The First and Fourth Circuits, for instance, squarely require that the triggering amount of the mandatory minimum in a drug conspiracy case be reasonably foreseeable to the individual defendant. See *United States v. Pizarro*, 772 F.3d 284, 292–94 (1st Cir. 2014); *United States v. Foster*, 507 F.3d 233, 250–251 (4th Cir. 2007).